IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED - MAIL

USBC '19 SEP 23 AM 10:30

| IN RE: | Case No. 19-03782-ESL |
|---|---|
| **JORGE GERARDO QUILES MALDONADO** | Chapter 13 |
| xxx-xx-9150 | FILED AND ENTERED ON 7/2/2019 |
| DEBTOR(S) | |

## CREDITOR DAMARIS SANTIAGO'S URGENT MOTION IN OPPOSITION TO DEBTOR'S RECONSIDERATION OF COURT ORDER

**COMES NOW** the Creditor, Damaris Santiago Méndez (hereinafter referred to as the "Creditor"), in one's own rights, and files this **URGENT MOTION**, and in support there of states as follows:

1. On July 30, 2019 this Court celebrated a hearing to evaluate the objection of this Creditor to the **MOTION FOR CONTINUATION OF THE AUTOMATIC STAY** filed by the debtor.

2. The **MINUTE ENTRY** for this hearing establishes:

    X Other: For the reasons stated in open court, debtor's motion for continuance of the automatic stay (dkt. # 7) is hereby denied. Transcript requested. **(Please review docket 18)**.

3. On August 14, 2019 Debtor filed a **MOTION REQUESTING RECONSIDERATION OF COURT ORDER (docket # 25)**.

4. On September 4, 2019 Creditor filed an opposition to the referenced reconsideration because in his reconsideration Debtor violated some provisions of Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Puerto Rico, specifically Rule 9013-1(c), require response time language that has to be included on a motion, and Rule 9013-5 based on the fact that the Creditor is a party with a cognizable interest in the filed reconsideration and Debtor did not serve this document to the Creditor **(docket # 28)**.

**JORGE GERARDO QUILES MALDONADO**                          Page **2** of **6**

---

5. On September 4, 2019 this Court entered an order denying Debtor's request for reconsideration to the continuance of the automatic stay **(docket # 30)**.

6. In regards to this Order, on September 11, 2019 Debtor filed **MOTION REQUESTING RECONSIDERATION OF COURT ORDER (docket # 35)**.

7. First, the Creditor has never misled this Court.

8. Second, it is important to note that in the contempt hearing held by the State Court on August 6, 2019, the Debtor was found in contempt of court.

9. The Debtor was required to pay the amount due for current child support ($212.50) on or before September 5, 2019, the date on which the Creditor had not received the payment. The Creditor requested contempt of the State Court for this debt. Before this action of the Creditor the Debtor paid said money on September 6, 2019 **(please reference Exhibit "1")**.

10. The other payment claimed by the Creditor on the Motion filed on September 4, 2019 as due was one of **$57.75** in relation to the expenses that the Debtor must pay against reimbursement and that are part of the child support. Certainly, the Creditor sent the receipt for reimbursement to the Debtor on August 5, 2019 and the Debtor had 30 days to pay. These 30 days were due on September 4, when the Debtor did not pay the amount. It was not until September 6, 2019 that, before the actions of the Creditor, the Debtor made the payment **(please reference Exhibit "1")**.

11. Another claim made by the Debtor is that the Creditor lies when she affirmed on Motion filed on September 4, 2019 that the Debtor owes child support in regards the payment plan ordered by State Court on June 29, 2017 ($303.25 monthly and several annual payments).

12. There are several irrefutable facts surrounding this issue:

➢ On June 29, 2017, the Creditor accepted a child support debt claimed by the Creditor of $25,917.23.

➢ On June 29, 2017, the State Court ordered the following payment plan, according to MINUTE of that date, that establishes **(please reference Exhibit "C" of docket # 28)**:

> El Tribunal determina que tomando en cuenta el **balance adeudado $25,917.23 establece un plan de pago de $303.25 mensuales por 3 años más $5,000 anuales.** Comenzando el 1 de julio de 2017 los $303.25 mensual y en junio de 2018 los $5,000.

**JORGE GERARDO QUILES MALDONADO**  Page 3 of 6

- On October 30, 2017 the State Court entered an order reaffirmed that Debtor has to comply with the payment plan **(please reference Exhibit "2")**.

- The Debtor failed to comply with the payment plan in the first months of establishment. Upon request of the Creditor, the Court celebrated a contempt hearing on March 26, 2018.

- In hearing of March 26, 2018, the Debtor arrived with the evidence of filing a bankruptcy petition of March 24, 2018 (Case No. 18-01599-ESL).

- The bankruptcy petition of March 24, 2018 was dismissed on May 20, 2019.

- On June 29, 2019, the Debtor filed another bankruptcy petition **(docket # 1)**.

- By Order of this Court contained in the MINUTE of July 30, 2019, this Court denied the continuation of the automatic stay **(docket # 18)**. The Debtor requested the reconsideration of that decision, which was also denied **(docket # 30)**.

13. In relation to this matter, contrary to what the Debtor alleges, the State Court's orders regarding the payment plan dated June 29, 2017 and October 30, 2017 have never been left without effect, so it does not have to be restored.

14. The filing of a bankruptcy petition does not invalidate any State Court order; it only protects the person from collection efforts after the bankruptcy was filed.

15. In this case, not only the first bankruptcy petition was dismissed on May 20, 2019, but also this Court denied the continuation of the automatic stay when the Debtor filed the second bankruptcy petition on June 29, 2019.

16. It is even apparent from NOTICE OF CHAPTER 13 BANKRUPTCY CASE regarding the Debtor's second bankruptcy petition (June 29, 2019) that the debt of over $25,000 of child support was not even reported by the Debtor in the second petition bankruptcy.

17. The truth is that having dismissed the first bankruptcy petition and not operating the "automatic stay" regarding the second bankruptcy petition, and given the fact that the Debtor has to comply with the payment plan for a debt of child support ordered by the State Court on June 29, 2017 and reiterated by ORDER of October 30, 2017, the Debtor has to make all payments due to the payment plan and the State Court has the duty to execute its orders in the welfare of the minor, which goes above any interest of the Debtor.

**JORGE GERARDO QUILES MALDONADO** Page 4 of 6

18. Overdue payments from the current payment plan are summarized as follows:

| Deuda $25,917.23 | | | | | | |
|---|---|---|---|---|---|---|
| Mes y año | Plan de pago | | Pago | Fecha de pago | Cantidad adeudada | |
| Jul-17 | $ | 303.25 | $ 303.25 | 18 de octubre de 2017 | $ | - |
| Aug-17 | $ | 303.25 | $ 303.25 | 24 de octubre de 2017 | $ | - |
| Sep-17 | $ | 303.25 | $ 303.25 | 9 de enero de 2018 | $ | - |
| Balance a mayo 2018 | | | | | $ | 25,007.48 |
| Pagos venddos | | | | | | |
| Oct-17 | $ | 303.25 | | | $ | 303.25 |
| Nov-17 | $ | 303.25 | | | $ | 303.25 |
| Dec-17 | $ | 303.25 | | | $ | 303.25 |
| Jan-18 | $ | 303.25 | | | $ | 303.25 |
| Feb-18 | $ | 303.25 | | | $ | 303.25 |
| Mar-18 | $ | 303.25 | | | $ | 303.25 |
| Apr-18 | $ | 303.25 | | | $ | 303.25 |
| May-18 | $ | 303.25 | | | $ | 303.25 |
| Jun-18 | $ | 303.25 | | | $ | 303.25 |
| Junio 2018 Abono anual | $ | 5,000.00 | | | $ | 5,000.00 |
| Jan-00 | $ | 303.25 | | | $ | 303.25 |
| Aug-18 | $ | 303.25 | | | $ | 303.25 |
| Sep-18 | $ | 303.25 | | | $ | 303.25 |
| Oct-18 | $ | 303.25 | | | $ | 303.25 |
| Nov-18 | $ | 303.25 | | | $ | 303.25 |
| Dec-18 | $ | 303.25 | | | $ | 303.25 |
| Jan-19 | $ | 303.25 | | | $ | 303.25 |
| Feb-19 | $ | 303.25 | | | $ | 303.25 |
| Mar-19 | $ | 303.25 | | | $ | 303.25 |
| Apr-19 | $ | 303.25 | | | $ | 303.25 |
| May-19 | $ | 303.25 | | | $ | 303.25 |
| Jun-19 | $ | 303.25 | | | $ | 303.25 |
| Junio 2019 Abono anual | $ | 5,000.00 | | | $ | 5,000.00 |
| Jul-19 | $ | 303.25 | | | $ | 303.25 |
| Aug-19 | $ | 303.25 | | | $ | 303.25 |
| | | | | Deuda vencida | $ | 16,974.75 |

19. In this case, although the Debtor filed a bankruptcy petition on June 29, 2019, his income after filing the bankruptcy petition that could be part of the estate, they are not because this Court so determined. Debt for accumulated child support is also not protected.

20. The payments of the payment plan ordered that the Debtor had to make since filing the first bankruptcy petition on March 24, 2018 are fully due because such debt is not under the protection of the new bankruptcy (June 29, 2019).

**JORGE GERARDO QUILES MALDONADO** Page 5 of 6

21. Even if the Debtor's estate had been protected under the second bankruptcy petition, the Creditor was only prevented from collecting payments from the overdue payment plan prior to the filing of the petition. The Debtor had to continue paying current and non-due payments after submitting the bankruptcy petition.

22. Therefore, the Creditor has never lied when she said that the Debtor owes items of the current payment plan.

23. On September 6, 2019, Creditor filed another contempt request before the State Court for the Debtor's failure to comply with the payment plan in question, which is currently under consideration by the State Court.

24. The Debtor alleges that the State Court must wait until the denial of the automatic stay is final and firm so that the State Court can order it to pay the payment plan. At no time does the Debtor deny the debt **(please reference Exhibit "3" of docket # 35)**. The reality is that the State Court can enforce its orders at this time because the automatic stay does not operate.

25. The record of this Court reveals that the Debtor has allowed accumulating large amounts of current child support after filing bankruptcy petitions.

26. The Debtor in this case has told the Creditor directly that the bankruptcy petitions are filed for the sole purpose that the State Court cannot enforce its child support orders.

27. Again, the rights of the minor in this case must go above those of the Debtor.

28. Finally, the Debtor tries to bring before this Honorable Court matters that are within the jurisdiction of the State Court.

**WHEREFORE**, the Creditor respectfully requests that this Honorable Court:

A. Deny the Debtor's reconsideration or, in an alternative, enter an order to stablishes the relief from the stay to collection of child support in State Court (contempt);

B. Clearly state that the State Court can continue with contempt actions in regard to Debtor's child support debt at this time due to the fact that the automatic stay does not operate;

C. **Deny the reconsideration filed by the Debtor on September 11, 2019 because the Debtor cannot request a reconsideration of another reconsideration**; and

D. Authorize the presentation of the exhibits in Spanish; and

## NOTICE

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

### THE SERVICEMEMBERS CIVIL RELIEF ACT (SCRA)

According to the best information and belief of the Creditor, the Debtor is not part of the military service.

**Respectfully submitted on this 21th day of September 2019.**

**DAMARIS SANTIAGO MÉNDEZ**
Creditor
Urb. Valle Verde Núm. 40 Calle Sevilla
Hatillo, PR 00659
(787) 674-8423
damarsantiago@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by regular mail to the following persons on this **21th day of September 2019**:

**JOSE R. CARRION MORALES**
Bankruptcy Trustee
PO BOX 9023884
San Juan, PR 00902-3884

**GERMAN A. RIECKEHOFF**
Debtor's attorney
273 Uruguay Street
Centrum Plaza Apt 5 A
San Juan, PR 00917

**DAMARIS SANTIAGO MENDEZ**

*ESTADO LIBRE ASOCIADO DE PUERTO RICO*
TRIBUNAL DE PRIMERA INSTANCIA
REGIÓN JUDICIAL DE BAYAMÓN
SALA DE FAMILIA Y MENORES

| | |
|---|---|
| **DAMARIS SANTIAGO MÉNDEZ** <br> **JORGE G. QUILES MALDONADO** <br> **PETICIONARIOS** <br><br> **EX – PARTE** | CIVIL NÚM. **D DI2011-0314** <br> SALA 4001 <br><br> SOBRE: <br><br> **DIVORCIO (CM)** |

## *ORDEN*

Examinada la **MOCIÓN PARA QUE SE DE POR SOMETIDA SIN OPOSICIÓN MOCIÓN PARA QUE SE CONSIDERE LA CONDUCTA DEL PETICIONARIO COMO DESACATO AL TRIBUNAL ANTE LA NEGATIVA A OBEDECER UNA ORDEN Y PARA QUE SE IMPONGAN SANCIONES Y HONORARIOS DE ABOGADO POR TEMERIDAD** presentada en el caso de epígrafe el 16 de octubre de 2017, este Tribunal dispone:

Examinada. Se le ordena al peticionario y a la peticionaria cumplir fielmente con las relaciones paterno filiales, so pena de sanciones y honorarios de abogado por temeridad.

Se le ordena al alimentante pagar la pensión antes del cinco (5) de cada mes, toda vez que las pensiones se pagan por adelantado, según lo dispone la ley. Se le ordena cumplir con el plan de pago tal y como fue establecido, so pena de imponer severas sanciones.

**NOTIFÍQUESE.**

DADA en Bayamón, Puerto Rico, a 30 de octubre de 2017.

**FDO. CARMEN JUDITH RIVERA MARRERO**
**JUEZ SUPERIOR**

Número Identificador _____

Hi damaris! Last sign-on: 09/21/2019 10:15 AM

# Club del Ahorro

**View Account:**

**Account Number:** x6921

Account Summary   See Transactions   Graphs   My Account Services

See transactions  [ Categorized ]

[ Classic View ]

View Transactions: SEP 2019
Filter by Category: See All
Filter by Tag: None

DOWNLOAD   PRINT

**Available Balance: $534.54**

Results ( 6 Transactions )

| DATE | DESCRIPTION | CATEGORY | AMOUNT |
|---|---|---|---|
| Sep 20 2019 | INTERESES ACREDITADOS | Interest Income | $0.24 |
| Sep 19 2019 | RETIRO | Cash and ATM | -$500.00 |
| Sep 10 2019 | PR ASUME PENSION | Income | $499.31 |
| Sep 6 2019 | TELEPAGO TRANSFERENCIA DE FONDOS | Funds Transfered | $212.43 |
| Sep 6 2019 | TELEPAGO TRANSFERENCIA DE FONDOS | Funds Transfered | $75.75 |
| Sep 4 2019 | RETIRO | Cash and ATM | -$1,500.00 |

Show: 50    1 - 6 of 6