UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In Re | * | |
| | * | Case No. 19-03782-ESL |
| Jorge Quiles Maldonado | * | |
| | * | Chapter 13 |
| Debtor/Petitioner | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEBTOR'S OBJECTIONS TO CLAIMS 1-3 AND 2-1
### FILED BY CREDITOR DAMARIS SANTIAGO MENDEZ

TO THE HONORABLE COURT:

Comes now, Debtor/Petitioner Jorge Quiles Maldonado, through his undersigned counsel, and to the Honorable Court very respectfully alleges, states and prays as follows:

1. On August 31, 2019, DSO recipient Damaris Santiago Mendez filed claim 1-3[1] in the amount of $33,908.92. Mr. Quiles objects to this claim for the following reasons.

2. The claim includes the following **alleged** amounts: a) $25,007.48 in pre-petition DSO arrears, as determined by the state court and stipulated by the parties in 2018; b) $8,631.19 in interest over said $25,007.48 in pre-petition DSO arrears; and, c) $270.25 that the Debtor must reimburse creditor Santiago for expenses related to their daughter's medical bills, extracurricular activities, sports, leisure and arts, for which Santiago submitted several receipts.

3. a) The amount of at least $25,007.48 in pre-petition DSO arrears is not disputed. In fact, the petitioner's Amended Chapter 13 plan provides for the payment of more than said amount. See DE 43. However, the Debtor does point out that Santiago's claim and the claim by ASUME in

---

[1] Which, in turn, amends claims 1-1 and 1-2.

POC 9-1 are duplicitous. There are two (2) claims with similar amounts for the same debt (pre-petition DSO arrears). <u>Compare</u> Claim 1-3 <u>with</u> Claim 9-1. ASUME's claim appears to be closer to the amount listed by the state court in its most recent estimate of that debt. <u>See</u> Docket 28, Exhibit A.

4. b) As to the $8,631.19 in interest, the state court decided to award interest over the principal DSO debt, and the debtor does not dispute that fact. However, the state court has not decided the amount of that interest and Ms. Santiago has submitted no evidence to support the amount claimed. In fact, Santiago herself acknowledges that the state court has not determined the amount of interest. <u>See</u> Claim 1-3, Attachment 1.

5. c) As to the $270.25 in payments for which the Debtor must reimburse creditor Santiago, the Debtor has addressed this already. He showed, with references to the record and supporting evidence, that he timely paid the entirety of said amount. <u>See</u> Docket 35, pp. 1-2 (and the corresponding exhibits and references to the record, cited in the motion at docket 35).

6. Additionally, on July 9, 2019, DSO recipient Damaris Santiago Mendez filed claim 2-1 in the amount of $6,199.97. Mr. Quiles objects to this claim for the following reasons.

7. The claim – which is the same claim as claim 9-1 in case 18-1599 -- includes the following alleged amounts: a) $5,000.00 as part of the state court's divorce judgment of March 28, 2011; and, b) $1,199.97 for the payment of the balance of a Honda Odyssey vehicle, as per state court orders dated March 16 and April 16, 2018. Once again, in this case, no evidence was submitted in support of the claim.

8. Nevertheless, as explained in case 18-1599: regarding the $5,000 payment, the divorce judgment itself – submitted with claim 9-1 in 18-1599 – makes it clear (at p. 2) that said payment is conditioned upon the couple's marital home being sold or refinanced by Mr. Quiles, which has

not happened. Ms. Santiago has not submitted evidence that the debtor has, in fact, sold or refinanced the property, which is what triggers the obligation to pay the $5,000. See Docket 75, case 18-1599.

9. As to the $1,199.97, the aforementioned Honda Odyssey vehicle has been surrendered to creditor Oriental Bank and said debt will be discharged. See Docket 75, case 18-1599.

10. Debtor is not a member of the U.S. Armed Forces, the Coast Guard, the Public Health Service or the National Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of which is attached.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the above and disallow Ms. Santiago's claims in their entirety.

**NOTICE:** Within thirty (30) days of service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 15th day of October, 2019.

GERMAN A. RIECKEHOFF

/s/ German A. Rieckehoff
273 Uruguay St.
Centrum Plaza 5A
San Juan, Puerto Rico 00917
Tel. (787) 415-1453
Fax (787) 767-7688
grieckehoff@yahoo.com

**NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003**: The undersigned attorney declares that according to the attached certification, provided by the Department of Defense Manpower Data Center (DMDC), the Debtor is not in active duty or under call to active duty as a member of the ARMY, NAVY, or AIR FORCES of the United States of America; National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy will be generated by the system to all CM/ECF participants in this case. I further certify that the foregoing will be served to creditor Damaris Santiago Mendez at her email address of record (damarsantiago@gmail.com) and by first-class mail to Urb. Valle Verde Núm. 40, Calle Sevilla, Hatillo PR 00659.

GERMAN A. RIECKEHOFF

/s/ German A. Rieckehoff