# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re | * |
| | * Case No. 19-03782-ESL |
| Jorge Quiles Maldonado | * |
| | * Chapter 13 |
| Debtor/Petitioner | * |
| | * |

## DEBTOR'S OBJECTION TO CLAIM 1-4
## FILED BY CREDITOR DAMARIS SANTIAGO MENDEZ
## AND OPPOSITION TO MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT:

Comes now, Debtor/Petitioner Jorge Quiles Maldonado, through his undersigned counsel, and to the Honorable Court very respectfully alleges, states and prays as follows:

1. On December 13, 2019, DSO recipient Damaris Santiago Mendez filed claim 1-4[1] for $9,460.22., which represents the amount of **alleged** interest over pre-petition DSO arrears.[2] For the reasons that follow, the petitioner objects to claim 1-4.

2. Said claim is nothing more than a rehash of the previously-denied claim 1-3, except for a slightly larger amount. According to Santiago's motion for reconsideration (docket 67) of the order (docket 62) denying claim 1-3 (for $8,631.19), the $9,460.22 now being claimed "is related to the interest over pre-petition Child Support that was granted by the State Court on the order entered on November 14th, 2017[.]" The motion further asserts that, "[i]t is important to point out that, by debtor's own admission, this DSO debt is not disputed by him. Evidence in support of the same

---

[1] Which, in turn, amends claim 1-3.
[2] The amount of $25,007.48 in pre-petition DSO arrears is not disputed.

has been included in the amended proof of claim No.1-4 that has been filed. Therefore, debtor has the burden of proof to demonstrate that the amount he has already accepted as undisputed is incorrect." Docket 67, p. 3.

3. The petitioner very respectfully urges this Honorable Court to carefully compare Santiago's allegations against the evidence in this case. These allegations quoted above are nothing more than a blatant attempt to mislead the Court into making an erroneous decision based on nonexistent evidence.

4. Santiago suggests that the document submitted with claim 1-4 is "[e]vidence in support of the [DSO interest] included in the amended proof of claim No.1-4." Docket 67, p. 3. This so-called "evidence" submitted with claim 1-4 is a state court order which does, in fact, grant interest over the principal DSO debt. See Claim 1-4, Appendix p. 1.

5. The petitioner has never disputed the **existence** of interest over the principal DSO debt. See Docket 58, p. 2. However, he did object emphatically to the **amount** of interest claimed then. See id. ("However, the state court has not decided the amount of that interest and Ms. Santiago has submitted no evidence to support the amount claimed.").

6. Santiago does not appear to suggest now that the state court order submitted with claim 1-4 establishes the amount of $9,460.22 in DSO interest. See Docket 67, p. 3 (stating that the $9,460.22 "is **related** to the interest over pre-petition Child Support that was granted by the State Court on the order entered on November 14th, 2017[,]" but (appropriately) falling short of alleging that said court order itself settles the amount of interest to be granted) (emphasis supplied).

7. Furthermore, the order itself cannot possibly be read to settle the amount of interest. See Claim 1-4, Appendix p. 1 (asking Santiago for a computation of the interest claimed; obviously so that the court could evaluate the allegation and determine the amount it will grant). In fact, Santiago

herself acknowledged that the state court has not determined the amount of interest. See Claim 1-3, Attachment 1 ("The Court has already granted interest on the debt... .It only remains for the Court to indicate the exact amount that must be added to the debt.").

8.     Unable to show that the state court has decided the amount of interest, Santiago then resorts to the most desperate of measures: misleading this Honorable Court.

9.     In a last-gasp attempt to have this Court – and not the state court – decide the amount of DSO interest, Santiago (unbelievably) tells this Court that the petitioner does not dispute the amount claimed for DSO interest. See Docket 67, p. 2 ("the amount of $8,631.19, even though it was not disputed by debtor"), p. 3 ("debtor has the burden of proof to demonstrate that the amount he has already accepted as undisputed is incorrect").

10.    For starters, there is an inherent problem with Santiago's position: even if, as she suggests, the petitioner had accepted the amount of DSO interest in claim 1-3 – something that **NEVER** happened – that amount is different from the one claimed now. And Santiago does not explain how an admission as to the previous amount would constitute evidence of the amount being claimed now.

11.    But more importantly, the petitioner has never accepted – not then and not now – the claimed amount of DSO interest. Although the petitioner has never disputed the **existence** of interest over the principal DSO debt, see Docket 58, p. 2, he did object emphatically to the **amount** of interest claimed then, just as he does now. See id. ("However, the state court has not decided the amount of that interest and Ms. Santiago has submitted no evidence to support the amount claimed.").

12.    Therefore, Santiago's contention – that the petitioner does not dispute the amount claimed for DSO interest – is a flat-out lie meant to induce this Court into making an erroneous decision.

13.     Because Santiago has not submitted any evidence to support the amount of interest claimed – other than a lie about the petitioner's position – claim 1-4 and her motion for reconsideration should be denied.

14.     Lastly, the petitioner submits that Santiago's statement that she had been unable to secure legal representation until after this Honorable Court had denied her claims, should be given little to no consideration. Although the petitioner disagrees with most of the legal arguments presented by Santiago throughout the course of the petitioner's two (2) bankruptcy proceedings, Santiago's numerous filings – both in this case and case 18-1599 – show in-depth knowledge of bankruptcy law and bankruptcy proceedings. Either a bankruptcy expert was offering legal advice to her and drafting her motions, or Santiago herself is a bankruptcy expert.

15.     Additionally, the petitioner's first case (18-1599) was filed on March 24, 2018. Santiago has had almost two (2) years to hire an attorney.

    WHEREFORE, it is respectfully requested that this Honorable Court take notice of the above and disallow Ms. Santiago's claim in its entirety.

    **NOTICE:**     Within thirty (30) days of service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is

against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may schedule a hearing.

**NEGATIVE CERTIFICATION PURSUANT TO SECTION 201(B)(4) OF THE SERVICEMEN'S CIVIL RELIEF ACT OF 2003**: The undersigned attorney declares that according to the attached certification, provided by the Department of Defense Manpower Data Center (DMDC), Damaris Santiago Mendez is not in active duty or under call to active duty as a member of the ARMY, NAVY, or AIR FORCES of the United States of America; National Guard; the Public Health Service or the National Oceanic and Atmospheric Administration.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 23rd day of December, 2019.

GERMAN A. RIECKEHOFF

/s/ German A. Rieckehoff
273 Uruguay St.
Centrum Plaza 5A
San Juan, Puerto Rico 00917
Tel. (787) 415-1453
Fax (787) 767-7688
grieckehoff@yahoo.com

# **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy will be generated by the system to all CM/ECF participants in this case.

GERMAN A. RIECKEHOFF

/s/ German A. Rieckehoff