# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>**JORGE G. QUILES MALDONADO**<br>**(XXX-XX-9150)**<br><br>**Debtor(s)** | Case No.:  **19-03782 ESL**<br><br>Chapter 13 |

## MOTION OBJECTING CONFIRMATION OF PLAN FILED ON MARCH 10TH, 2020 (DOC.#105)

**TO THE HONORABLE COURT**:

**COMES NOW CREDITOR**, Damaris Santiago Méndez, by and through the undersigned attorney, and very respectfully requests and prays:

## A. FACTS

1.   Debtor filed the present voluntary petition on June 29th, 2019, which is his second consecutive bankruptcy filing.

2.   Debtor's first case was filed on March 24th, 2018 (18-01599 ESL). This case was dismissed on April 29th, 2019, prior to its confirmation, for the same sorts of issues that motivate the instant objection to confirmation.

3.   The herein appearing creditor was included in Schedules E/F regarding a Domestic Support Obligation debt owed by debtor.

4.   On December 13th, 2019, creditor filed an amended proof of claim ("POC") number 1-4, classified as Priority in the amount of $9,460.22.

5.   Upon Order entered by this Honorable Court on March 11th, 2020 (Doc.#106), the amended proof of claim filed by the herein appearing creditor was allowed as filed. In consequence, the amount claimed creditor as priority was deemed allowed as interests over the pre-petition Domestic Support Obligation ("DSO") debt owed by debtor. Said interests are to be paid to creditor

in addition to the principal amount of the "DSO" debt that was claimed by creditor ASUME in proof of claim No.9 ($25,007.48).

6.  Is pertinent to clarify that on February 6th, 2020 (Doc.#89) debtor filed an Informative Motion regarding Claim No.1-4 indicating that "the debtor will amend his Chapter 13 plan by no later than February 7, 2020, to include $7,651.63 in DSO interest". *See* ¶ **4, Doc.#89.** The amount informed by debtor arises from a joint motion filed with the State Court regarding a pending DSO proceeding on which he informed that his calculation of the amount of interests over child support debt should be $7,651.63. Determination regarding the final amount to be awarded as interests over child support arrears is still pending from State Court.

7.  On March 10th, 2020 (Doc.#105) debtor filed an amended Chapter 13 Plan. After careful review of the provisions included therein, creditor hereby opposes the same and submits an Objection to the confirmation of debtor's proposed Chapter 13 Plan dated March 10th, 2020 based on the following grounds:

   a. Proposed plan does not meet the confirmation requirements pursuant to 11 U.S.C. §1325 (a)(3)

   b. Proposed plan does not meet the confirmation requirements pursuant to 11 U.S.C. §1325 (a)(6)

## B. APPLICABLE LAW – FAILURE TO COMPLY WITH 11 U.S.C. §1325(a)(3):

8.  11 USC §1325(a) (3) provides as follows:

   (a)Except as provided in subsection (b), the court shall confirm a plan if—

   (3) the plan has been proposed in good faith and not by any means forbidden by law

9.  In order to be confirmed, a plan of reorganization must be proposed in good faith. The debtor bears the burden of proving that his plan satisfies the criteria of Code § 1325, including the good faith requirement. In re Wolff, 22 B.R. 510 (BAP 9th Cir. 1982); In re Hall, 268 B.R. 545, (BAP 9th Cir.

2001). Even though §1325 provides no explanation or definition of the term "good faith", the Court of Appeals for the Ninth Circuit has noted that "[g]iven the nature of bankruptcy courts and the absence of congressional intent to specially define 'good faith,' we believe that the proper inquiry is whether the [debtor] acted equitably in proposing [his] chapter 13 plan. A bankruptcy Court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his chapter 13 plan in an equitable manner." In re Goeb, 675 F.2d, 1386, 1390 (9th Cir. 1982).

10. The Court of Appeals applied the *Goeb* standard where the purpose of a plan was to defeat state court litigation. In In re Chinichian, 784 F.2d 1440 (9th Cir. 1986), the court, citing to Goeb, affirmed a bankruptcy court's decision not to confirm a plan which the court found was filed for the sole purpose of preventing consummation of a state court specific judgment. The court noted that "a good faith test should examine the intentions of the debtor and the legal effect of the confirmation of a chapter 13 plan, in light of the spirit and purposes of chapter 13 bankruptcy cases."

11. Is well known that the spirit and purpose of the bankruptcy law is to provide debtors who are struggling with debts, a way to repay some or all of their debts and have the opportunity of a fresh start. However, in year 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA) which attempted to address the concerns regarding debtors' multiple bankruptcy serial filings and abuse of the system. BAPCPA main purpose was to "improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and ensure that the system is fair for both debtors and creditors. Essentially, the 2005 amendments increased creditor protections and attempted to reduce the number of abusive or manipulative filings by debtors.

12. One of the amendments included in BAPCPA was the definition of Domestic Support Obligations ("DSO"), which is defined pursuant to §101 (14A) as follows:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this

title, that is—(A) owed to or recoverable by—(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated; (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—(i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and (D) not assigned to a governmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

13. Due to its nature, DSO debts receive Priority Status pursuant to 11 U.S.C §507 (a)(1)(A) & (B). Moreover, in addition to its priority status, these debts are also non-dischargeable pursuant to 11 U.S.C §523 (a)(5). This means that, in a Chapter 13 bankruptcy, the debtor must not only keep current all the post-petition DSO monthly payments, but also provide for plan treatment of all pre-petition support obligations, principal amounts and also the interest that accrues on such debt.

14. Debtor is no stranger with respect to the Bankruptcy Proceedings, as well as the definitions above mentioned. As previously stated, the present voluntary petition is debtor's second filing under Chapter 13. Debtor's first case, 18-01599 ESL, was filed on March 24th, 2018. Similar to the present case, the Chapter 13 Plan proposed by debtor in the prior case intended to cure the pre-petition DSO arrears owed to the appearing creditor, plus curing the pre **and post-petition** mortgage arrears owed to Banco Popular de PR. The Plan of the first case also provided for the full payment of debtor's secured debt with First Bank.

15. An Order Dismissing the case 2018 was entered by this Honorable Court on May 20th, 2019 (Doc.#92) due to debtor's failure comply with an Order to Show Cause dated April 29th, 2019 (Doc.#90), directing him to address the lack of feasibility issue with respect to the chapter 13 plan dated February 26, 2019.

16. Less than 30 days after the entry of the Dismissal Order, debtor filed the present Voluntary Petition, his *second filing*. Using the same tactics of the previous case, debtor has proposed in the present

case several Chapter 13 plans (a total of eight plans so far). Confirmation was not recommended by the Chapter 13 Trustee due to several deficiencies found, including Lack of Feasibility.

17. It seems highly questionable, to say the least, that debtor continues repeating the same pattern of filing multiple plans that raises the same deficiency from the Trustee: its lack of feasibility, among other deficiencies informed. Furthermore, and similar to the Chapter 13 Plan proposed in the previous case, debtor had to amend the plan in order to provide for the curing of pre **and post-petition mortgage arrears** incurred with secured creditor Banco Popular. This demonstrates not only that debtor is not able to administrate his finances in a responsible way, but also shows a pattern of using the protection provided by the Bankruptcy Law in order to continue accruing arrears with his monthly obligations, thus delaying the unavoidable obligation debtor has towards his minor aged daughter, who pursuant to the proposed plan will commence receiving the payments of the pre-petition DSO debt ONLY AFTER all secured debts are fully paid.

18. It is highly unfair and unacceptable, to say the least, that the payment of child support monies owed debtor's minor daughter *be further delayed* due to debtor's deficient administration of his finances and *constant accrual of post-petition arrears towards his mortgage*, which only serve to demonstrate the lack of feasibility and bath faith of his plan. Similar to previous case, this situation demonstrates a pattern on which, the primary party affected is debtor's minor aged daughter.

19. In that regard, the appearing party **vehemently objects** to the **inclusion** in the Chapter 13 Plan of any **post-petition mortgage arrears** incurred with secured creditor Banco Popular, since it only serves to delay the commencement of payment of payments of the pre-petition DSO debt that is owed to minor aged daughter.

20. In addition, the record clearly democrats that the only reason why Debtor was able to pay the plan payment of arrears that just several weeks ago almost caused the dismissal of the case, was due to the fact that the **post-petition mortgage arrears** for the months of December 2019, January and February 2020 were not paid. See evidence attached to Lift of Stay Motion at Doc. #95. A debtor that is under the clearly knows and has demonstrated that he is unable to afford the payments that he is proposing under the

Chapter 13 Plan is undoubtedly proceeding with a bad faith plan.

21. Furthermore, and as stated herein in paragraph No.5, debtor stated in the Informative Motion filed on Doc.#89 that he "will amend his Chapter 13 plan by no later than February 7, 2020, **to include $7,651.63 in DSO interest**". Nevertheless, the plan filed on March 10th, 2020 **fails to include this provision**. Far from being an involuntary omission, debtor's failure to include this provision demonstrates his intentions of trying to avoid the payment of a debt which has been determined to be part of the pre-petition amount of Domestic Support Obligation.

22. Debtor's history of filing plans that lack the very basic feasibility requirements, plus his intention of evade his obligation of providing a treatment in plan for the payment of all pre-petition Domestic Support Obligations, principal amounts and also the interest accrued, clearly demonstrates that the plan is not proposed in good faith, as required by 11 USC §1325(a) (3) and as such, should not be confirmed by this Honorable Court.

## C. APPLICABLE LAW – FAILURE TO COMPLY WITH 11 U.S.C. §1325(a)(6):

23. 11 USC §1325(a) (6) provides as follows:

> (a)Except as provided in subsection (b), the court shall confirm a plan if—
> (6) the debtor will be able to make all payments under the plan and to comply with the plan

24. Section 1325(a)(6) requires that visionary or speculative chapter 13 plans not be approved. As stated in In re Fantasia, 211 B.R. 420, 423 (B.A.P. 1st Cir. 1997) (citations omitted):

> "To satisfy feasibility, a debtor's plan must have a reasonable likelihood of success, i.e., that it is likely that the debtor will have the necessary resources to make all payments as directed by the plan. 11 U.S.C. § 1325(a)(6). The debtor carries the initial burden of showing that the plan is feasible. Before confirmation, the bankruptcy court should be satisfied that the debtor has the present as well as the future financial capacity to comply with the terms of the plan"

25. Upon revision of the payment provisions included in Section 2.1 and 2.4 of the plan dated

March 10th, 2020, it is undisputed that the same lacks feasibility.

26. According to payment plan schedule disclosed in section 2.1, Debtor is supposed to make payments in the following way:

- $840.00 on month No.1 (July 29, 2019)
- $1,329.00 from month No.2 to month No.6 (August to December 2019)
- $1,417.00 from month No.7 to month No.8 (January to February 2020)
- $1,581.00 on month No.9 (March 2020)
- $1,699 from month No.10 (April 2020) until end of plan
- A lump sum payment of $10,753.20 on month No.48 from the sale of a Corvette

27. Pursuant to the Amended Schedule J filed on March 10, 2020 (Doc.#102), debtor seemingly has sufficient disposable income to comply with the proposed plan payments. However, the reality is that debtor's capacity to comply with such payments is, to say the least, highly questionable.

28. Debtor's payment history shows a constant tendency of incurring in arrears with plan payments. For such reason, a Motion to Dismiss was filed by the Chapter 13 Trustee on December 12th, 2019 (Doc.#65). On January 12th, 2020 (Doc#73), debtor filed a motion informing that the arrears with plan payment were cured. Accordingly, on February 6th, 2020 (Doc.#88) the Chapter 13 Trustee withdrew his request for dismissal.

29. However, shortly after said withdrawal, a Motion for Lift of Stay was filed on February 21st, 2020 (Doc.#95) by secured creditor Banco Popular. On their motion, creditor alleged that debtor had accrued post-petition mortgage arrears of $5,389.01, equivalent to three (3) months. To solve this situation, debtor filed the amended plan of March 10th, 2020 (Doc.#105) proposing to pay through the same the post-petition arrears incurred with creditor.

30. It seems highly questionable that debtor was able to cure the arrears with plan payments, only to accumulate post-petition arrears with respect to the mortgage payments owed to Banco Popular. Either debtor used the money from his post-petition mortgage payments to cure the arrears incurred with the Trustee and avoid the dismissal of the case, or he simply cannot maintain current the proposed plan

payments of $1,581.00 and at the same time, the mortgage payments of $1,575.27 as he is supposed to. We believe that both deficiencies apply in this case. However, notwithstanding the reason, the reality is that, as per §1325(a) (6) debtor has the burden of proving that he will be able to comply with both, his monthly plan payments and maintain current all post-petition financial obligations. Debtor fails to comply with this requirement.

31. Provision included in Section 2.4 of the plan also lacks feasibility. According to the same, debtor proposes that on month number 48 of the plan, he will make a lump sum payment of $10,753.20 to come from the sale of a Corvette.

32. However, according to Schedule A/B, debtor listed the value of this vehicle in $9,000.00. Now, only eight (8) months later, he believes that he will be able to sell this same vehicle in the escalated amount of $10,753.00 during the course of the next 48 months. Considering that motor vehicles have a high depreciation factor, it is highly unlikely that debtor will be able to sell this vehicle for a much higher amount than the current market value he assigned to the same.

33. Creditor also brings to this Honorable Court's attention that debtor's pretention of making this sale in about 48 months is not justified. This vehicle is not debtor's principal means of transportation and as such, it can be considered a luxury asset not necessary for debtor's reorganization. As such, the provision of waiting until June 2024 to sell a vehicle that will continue depreciating in the meantime is simply not warranted and should not be allowed by this Court of justice. Therefore, any sale of the vehicle must take case in the next three (3) months.

34. Finally, the appearing party objects to Section 3.1 of the plan, since it states that the ongoing post-petition mortgage payments to Banco Popular are $0.00, when they are in fact $1,575.27. To that end, the amount stated in Section 3.1 of the plan is a gross misrepresentation of the reality.

**D. PLEA**

35. The facts and arguments expressed above should serve as sufficient cause to deny the confirmation of debtor's proposed Chapter 13 Plan dated March 10th, 2020 (Doc.#105), due to the

fact that the same was not proposed in Good Faith pursuant to 11 U.S.C. §1325 (a)(3). Plan also fails confirmation requirements pursuant to 11 U.S.C. §1325 (a)(6) since the same lacks Feasibility to comply with what it proposes. For such reason, creditor is hereby submitting her Opposition to the confirmation of the same.

**WHEREFORE**, creditor Damaris Santiago Méndez respectfully requests from this Honorable Court to grant this motion and deny confirmation of Debtor's Plan dated March 10th, 2020 due to the fact that the same was not proposed in Good Faith and lacks Feasibility in order to comply with its provisions.

**NOTICE OF OPPORTUNITY TO OBJECT**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF System which will send a notification, upon information and belief, of such filing to the following: The Chapter 13 Trustee, The United States Trustee and to all the CM/ECF participants of this case.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this **13th** day of **MARCH**, 2020.

**IGNACIO GARCIA FRANCO**
**USDC 231410**
Attorney for creditor
PO Box 361844
San Juan, P.R. 00936
Tel (787) 478-3379 / FAX (1-888) 860-9135
Email: ignaciolaw@gmail.com

*/s/ Ignacio García Franco, Esq.*